IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VERNON COLLINS, # 39165-044, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 19-cv-685-SMY |
| ) | |
| T.G. WERLICH, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Now before the Court is Petitioner Vernon Collins' Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Doc. 1). Collins pled guilty in May 2012 to unlawful possession of a firearm by a felon. (Doc. 1, p. 2; Doc. 9, p. 3). Based on several Missouri state burglary-related convictions, the sentencing court found that he was an armed career criminal under 18 U.S.C. § 924(e). (Doc. 9, p. 2; Doc. 11, pp. 6, 15). This determination raised Collins' statutory sentencing range to a mandatory minimum of 15 years to life. Without the armed career criminal enhancement, Collins would have faced a statutory *maximum* sentence of only 120 months (10 years), plus a supervised release term of not more than 3 years. (Doc. 9, p. 15). The court calculated Collins' advisory guidelines sentencing range under the United States Sentencing Guidelines as 188-235 months. (Doc. 11, p. 3). He was sentenced to 235 months in prison to be followed by a 5-year term of supervised release. (Doc. 9, pp. 3, 15).

Collins' Petition challenges his armed-career-criminal enhanced sentence pursuant to *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243 (2016), and *United States v. Naylor*, 887 F.3d 397, 400 (8th Cir. 2018) (Missouri second-degree burglary statute is overbroad), arguing

1

that under those precedents, the Missouri burglary statutes under which he was convicted include elements that are broader than "generic burglary." (Doc. 1, pp. 11-17). As such, his state convictions no longer qualify as "violent felonies" for sentence enhancement under the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e)(2)(B)(ii).

While preserving the issue that the savings clause (28 U.S.C. § 2255(e)) bars the use of § 2241 to challenge a criminal judgment (Doc. 9, pp. 4-10), Respondent concedes that Collins' Petition should be granted, and that he is entitled to be resentenced for his conviction in the Eastern District of Missouri, Case No. 11-cr-376. (Doc. 9, pp. 3, 15-20).[1] Specifically, Respondent agrees that under *Mathis* and *Naylor*, Collins' Missouri burglary convictions no longer qualify as violent felonies under the ACCA because Mo. Rev. Stat. § 569.160 (1979) is not divisible and covers burglaries of "inhabitable structure[s]" – defined to include a "ship, trailer, sleeping car, airplane, or other vehicle" – when generic burglary is limited to buildings or inhabitable structures. (Doc. 9, pp. 16-18). As such, Collins' 235-month sentence amounts to a miscarriage of justice; his sentence should have been limited to the unenhanced 120-month statutory maximum. (Doc. 9, p. 15).

## Conclusion

For the foregoing reasons, Collins' Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** and the following relief is **ORDERED**:

1. The career-offender-enhanced sentence of 235 months imposed upon Vernon Collins by the Eastern District of Missouri in Case No. 11-cr-376, is **VACATED**.

2. Collins shall be resentenced forthwith by the Eastern District of Missouri.

3. The Clerk of Court is **DIRECTED** to enter judgment in favor of Collins.

---

[1] Respondent specifies that he is waiving all available non-jurisdictional and procedural defenses in the context of this case only. (Doc. 9, pp. 2-3, 12).

4. The Clerk of Court is **DIRECTED** to furnish certified copies of this Order and the Judgment entered in this case to the Bureau of Prisons, the United States Attorney for the Eastern District of Missouri, and the Clerk of the District court for the Eastern District of Missouri for filing in Case No. 11-cr-376.

**IT IS SO ORDERED.**

**DATED: December 18, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**